## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SHANE NORRID, | ) | Case No. 6:17-cv-401-RAW |
| (2) KERMIT MICHAEL TROXEL | ) | |
| (3) KEVIN HARTMAN, | ) | |
| (4) TIM HYERS, | ) | **CLASS AND COLLECTIVE ACTION** |
| (5) CHRISTOPHER LYNN | ) | |
| WILLIAMS, | ) | |
| (6) CODIE SHREVE, | ) | ATTORNEY LIEN CLAIMED |
| (7) STEVEN ENGLAND, | ) | JURY TRIAL DEMANDED |
| (8) TAYLOR BRANTLEY, individually | ) | |
| and on behalf of all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| (1) D.A.R.P., INC., an Oklahoma for | ) | |
| profit corporation, | ) | |
| (2) RAYMOND JONES, | ) | |
| (3) HENDREN PLASTICS, INC., an | ) | |
| Arkansas for profit corporation, | ) | |
| (4) R & R ENGINEERING CO., INC., | ) | |
| an Oklahoma for profit corporation, | ) | |
| (5) GLENN E. WHITMAN, | ) | |
| (6) SIMMONS FOODS, INC., an | ) | |
| Arkansas for profit corporation, | ) | |
| (7) WESTERN ALLIANCE., INC. | ) | |
| (formerly JER-CO INDUSTRIES, | ) | |
| INC.), | ) | |
| an Oklahoma for profit corporation, and | ) | |
| (8) MID-AMERICA CABINETS, INC., | ) | |
| an Arkansas for profit corporation, | ) | |
| | ) | |
| Defendants. | | |

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Shane Norrid, Kermit Michael Troxel, Kevin Hartman, Tim Hyers, Christopher Lynn Williams, Codie Shreve, Steven England, and Taylor Brantley ("Plaintiffs"), by and through their counsel and pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C § 216(b), bring this action on behalf of themselves and all others similarly situated.  Plaintiffs are informed and believe and thereupon allege the following:

## I.    INTRODUCTION

1.      This suit seeks to recover damages, including unpaid wages, on behalf of young men who have been forced to work for no pay.

2.      Defendant D.A.R.P., Inc. ("DARP") is an Oklahoma for profit corporation[1] that holds itself out as a long-term, residential drug and alcohol treatment facility.  In fact, however, DARP, which is operated by Defendant Raymond Jones ("Jones"), offers little or no meaningful treatment, and its primary purpose is to provide cheap labor to private third-party corporations.

3.      Plaintiffs were DARP residents who were forced to perform unpaid work for defendants Hendren Plastics, Inc. ("Hendren Plastics"), R&R Engineering Co., Inc. ("R&R Engineering"), Simmons Foods, Inc. ("Simmons"), Western Alliance, Inc. ("Western Alliance"), and Mid-America Cabinets, Inc. ("Mid-America Cabinets")

---

[1] DARP's filing number with the Oklahoma Secretary of State is 1900661497.  DARP is currently registered as a for-profit corporation, but has previously been registered as a not-for-profit corporation.

(collectively, the "Corporate Defendants") – private corporations who contracted with DARP to receive forced labor from DARP residents.

4.      DARP residents perform grueling, frequently dangerous, work for the Corporate Defendants, but receive no wages whatsoever.   Instead, the Corporate Defendants pay DARP directly for this labor, with the latter keeping these payments for its own use and benefit.   By this arrangement, DARP receives millions of dollars in income, while the Corporate Defendants receive a stream of below-market-rate labor.

5.      In simple terms, DARP is a forced labor camp.   DARP secures many of its residents by misrepresenting itself as a rehabilitation facility to Oklahoma's Drug Courts, which send young men and women to DARP to receive promised drug and alcohol treatment.   Upon becoming residents at DARP, however, this treatment is immediately denied.   Instead, DARP residents are packed into squalid dormitories, where controlled substances are widely available, and shipped off to work for private, for-profit businesses.   These young men are compelled to work long hours, frequently more than 40 hours per week, for no pay, by the defendants' threats that they will be sent to prison if they stop working.

6.      This is not, as Defendant Simmons now contends, "hyperbole."   As is perfectly obvious, no one voluntarily chooses to work long hours performing exhausting, unsanitary work for no compensation.   This reality is clearly demonstrated by Simmons' own description of the "choice" offered DARP residents, who can, in Simmons' words,

"take advantage of the work opportunity" Simmons offers or "elect to go to prison." Doc. No. 30 at 2.[2]

7.      Such a "choice," offered and enforced by a private corporation, would have been illegitimate even in the earliest days of the industrial revolution.

8.      As Defendant Jones testified in other litigation: "DARP is not an agency of the State of Oklahoma …. It receives no oversight or direction from any state agency or the Oklahoma State Department of Corrections.  DARP is an independent organization in no way controlled by the State of Oklahoma."  Allowing such an organization and its corporate partners – private institutions, existing with "no oversight or direction," and completely insulated from any form of democratic influence or accountability – to exploit a vulnerable population for personal gain contravenes the simplest and most basic principles of our society.

9.      In response to Defendants' unlawful conduct, Plaintiffs bring claims under the federal Fair Labor Standards Act ("FLSA"), the Racketeer Influenced and Corrupt Organizations Acts ("RICO"), the Trafficking Victims Protection Act ("TVPA"), and the laws of Oklahoma and Arkansas.  Defendants violate these laws by, *inter alia*, failing to pay minimum and overtime wages; engaging in forced labor and involuntary servitude; and conducting and conspiring to conduct DARP and/or an association-in-fact enterprise (as described below) through a pattern of involuntary servitude and forced labor.

---

[2] Defendant Hendren Plastics also describes the forced, unpaid labor it imposes on DARP residents as an "opportunity."

4

10.     For these violations, Plaintiffs seek, on behalf of themselves and all others similarly situated, damages, unpaid wages, liquidated damages, punitive damages, restitution, disgorgement, attorneys' fees, costs, and injunctive relief.

## II.     OVERVIEW OF CLAIMS

11.     Plaintiffs' FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' remaining claims are brought as class action claims pursuant to Federal Rule of Civil Procedure 23.

### A.     FLSA Claims

12.     Plaintiffs bring FLSA collective action claims against defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets for failure to pay minimum and overtime wages in violation of 29 U.S.C. §§ 206(a) and 207(a).

13.     Plaintiffs' FLSA claims are brought on behalf of all persons who, at any time within the last three years, have performed work at Hendren Plastics, R&R Engineering, Western Alliance, and/or Mid-America Cabinets while residing at DAARP.

### B.     Class Action Claims

#### 1.     TVPA Claims

14.     Plaintiffs bring class action claims under FRCP 23 and 18 U.S.C. § 1595 against defendants Raymond Jones, DARP, Simmons, Hendren Plastics, R&R Engineering, Western Alliance, Mid-America Cabinets, and Glenn E. Whitman ("Whitman") for violations of the Trafficking Victims Protection Act, specifically, 18 U.S.C. §§ 1589 and 1594.

15.    18 U.S.C. § 1589 proscribes, *inter alia*, obtaining labor by threats of physical restraint or the abuse or threatened abuse of law or the legal process.[3]  18 U.S.C. § 1594(b) provides that any person who conspires to violate 18 U.S.C. § 1589 "shall be punished in the same manner as a completed violation of such section."[4]  18 U.S.C. § 1594(a) provides that any person who attempts to violate 18 U.S.C. § 1589 "shall be punishable in the same manner as a completed violation of that section."[5]

16.    Plaintiffs' TVPA claims are brought on behalf of all persons who, at any time from ten years prior to the filing of this action, have performed work for DARP, Simmons, Hendren Plastics, R&R Engineering, Western Alliance, and/or Mid-America Cabinets while residing at DARP.

## 2.    RICO Claims

17.    Plaintiffs bring class action claims under FRCP 23 and 18 U.S.C. § 1964(c) for Defendant's violations of the RICO Act.

18.    Plaintiffs bring a RICO claim against Defendant Jones for conducting the affairs of DARP through a pattern of holding persons to involuntary servitude (18 U.S.C.

---

[3] The 2003 version of the statute contained these proscriptions as well.

[4] The 2003 version of 18 U.S.C. § 1594 did not contain what is now subsection (b), which became law in December 2008. Plaintiffs here allege a course of conduct beginning before the 2008 amendments to the TVPA but continuing well after those amendments. Nevertheless, to avoid unnecessary delay at the pleading stage of this action, Plaintiffs exclude Simmons from their claim under § 1594(b).  Simmons is, however, included in Plaintiffs' § 1594(a) claim.

[5] Subsection (a) was present in § 1594 before 2008.  *See*, 18 USCS § 1594(a) (2003) ("Whoever attempts to violate section 1581, 1583, 1584, 1589, 1590, or 1591 shall be punishable in the same manner as a completed violation of that section").

§ 1584) and in Forced Labor (18 U.S.C. § 1589), racketeering activities as defined by 18 U.S.C. § 1961, in violation of 18 U.S.C. § 1962(c).

19.    Plaintiffs also bring a RICO claim against Defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliance for conducting the affairs of an association-in-fact enterprise[6] through a pattern of holding persons to involuntary servitude (18 U.S.C. § 1584) and in Forced Labor (18 U.S.C. § 1589), racketeering activities as defined by 18 U.S.C. § 1961, in violation of 18 U.S.C. § 1962(c).

20.    Plaintiffs also bring a RICO claim against Defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliance for conspiring with Mr. Jones, in violation of 18 U.S.C. § 1962(d), to conduct the affairs of DARP through a pattern of racketeering activity.

21.    Plaintiffs' RICO claims are brought on behalf of all persons who, at any time from four years prior to the filing of this action, have performed work for DARP, Hendren Plastics, R&R Engineering, and/or Western Alliance while residing at DARP.

**3.    Oklahoma Trafficking for Labor Claim**

22.    Plaintiffs bring a class action claim under FRCP 23 and 21 Okl. St. § 748.2(B) against Defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets for human trafficking for labor in violation of Okl. St. § 748.

23.    Plaintiffs' Oklahoma Trafficking for Labor claim is brought on behalf of all persons who, at any time from two years prior to the filing of this action, have performed

---

[6] "An association-in-fact enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 946 (2009) (internal punctuation omitted).

work for Hendren Plastics and/or Mid-America Cabinets while residing at DARP.

### 4.    Oklahoma Fraud Claim

24.    Plaintiffs bring common law fraud claims against defendants Raymond Jones and DARP.

25.    Plaintiffs' fraud claim is brought on behalf of all persons who have resided at DARP at any time from two years prior to the filing of this lawsuit.

### 5.    Arkansas Wage Law Claims

26.    Plaintiffs bring class action claims under FRCP 23 and A.C.A. § 11-4-218 against defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets for failure to pay minimum and overtime wages in violation of the Minimum Wage Act of the State of Arkansas (A.C.A. § 11-4-201, *et seq*.), including A.C.A. §§ 11-4-210(a) and 11-4-211(a).

27.    Plaintiffs' Arkansas wage law claims are brought on behalf of all persons who, at any time from three years prior to the filing of this action, have performed work for Hendren Plastics and/or Mid-America Cabinets while residing at DARP.

### 6.    Arkansas Unjust Enrichment Claim

28.    Plaintiffs bring a class action claim under FRCP 23 against defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets for unjust enrichment in violation of Arkansas law.

29.    Plaintiffs' Arkansas unjust enrichment claim is brought on behalf of all persons who, at any time from three years prior to the filing of this action, have

performed work for Hendren Plastics and/or Mid-America Cabinets while residing at DARP.

### 7.     Oklahoma Wage Law Claims

30.     Plaintiffs bring a class action claim under FRCP 23 against defendants Raymond Jones, DARP, R&R Engineering, and Western Alliance for failure to pay wages as required by the Oklahoma Protection of Labor Act, 40 O.S. § 161, *et seq*.

31.     Plaintiffs' Oklahoma wage law claim is brought on behalf of all persons who, at any time from three years prior to the filing of this action, have performed work for DARP, R&R Engineering, and/or Western Alliance while residing at DARP.

## III.   JURISDICTION AND VENUE

### A.     Personal Jurisdiction

32.     This Court has general personal jurisdiction over defendants DARP, R&R, and Western Alliance because they are incorporated and have their principal places of business in Oklahoma, and their affiliations with Oklahoma are therefore so continuous and systematic as to render them at home in this State.  Further, this Court has general personal jurisdiction over defendant Raymond Jones because Mr. Jones resides in and is a resident of Oklahoma.

33.     This Court has specific personal jurisdiction over all Defendants in this action because this suit arises out of and relates to the defendants' purposeful contacts with this State, and Defendants' contacts with this State are more than sufficient to ensure that this suit does not offend traditional notions of fair play and substantial justice.

34.     The stream of labor provided by DARP to the Corporate Defendants, including Hendren Plastics, originates almost exclusively in Oklahoma.  DARP receives Oklahoma residents from across the state, and then farms them out, pursuant to contracts with the Corporate Defendants, to the Corporate Defendants' production facilities in Oklahoma and Arkansas.  All of the Plaintiffs in this action are Oklahoma residents, and were Oklahoma residents when they came to reside at DARP.  Those Plaintiffs who worked for Defendants Simmons or Hendren Plastics in Arkansas (Shane Norrid, Christopher Lynn Williams, and Codie Shreve) were brought to Arkansas to perform unpaid labor by agreement between DARP, an Oklahoma corporation, and Defendants Simmons and Hendren Plastics, who contracted with DARP for the delivery of Oklahoma residents to perform unpaid labor.  Many or most of the residents of DARP's Arkansas facility are citizens of Oklahoma who are or were directed or transported from Oklahoma to DARP's facility in Arkansas for the purpose of providing labor to Simmons and Hendren Plastics.  Having purposefully reached into the State or Oklahoma to secure a pipeline of unpaid workers, Hendren Plastics cannot now be heard to question the jurisdiction of this Court.

### B.      Subject Matter Jurisdiction

35.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 for claims brought under the FLSA, the RICO Act, and the TVPA.

36.     This Court has supplemental subject matter jurisdiction under 28 U.S.C § 1367 for all claims asserted under the laws of Oklahoma and Arkansas (the "State Law Claims") because these claims are part of the same case and controversy as the FLSA,

RICO, and TVPA claims; the federal and State Law Claims derive from a common nucleus of operative fact; the State Law Claims will not substantially dominate over the FLSA claims; and exercising supplemental jurisdiction will be in the interests of judicial economy, convenience, fairness, and comity.

37.     Independently, this Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2) because the estimated damages involved in this action will exceed $5,000,000, and the parties to this action include residents of different states.

### C.     Venue

38.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events, acts, and/or omissions giving rise to the claims asserted in this action occurred in this District.

39.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because corporate defendants DARP, Simmons, Hendren Plastics, R&R Egineering, Western Alliance, and Mid-America Cabinets are subject to this Court's personal jurisdiction with respect to this action and therefore reside in this State within the meaning of 28 U.S.C. § 1391(c)(2), and because defendant Raymond Jones is domiciled in this District.

## IV.     PARTIES

### A.     Plaintiffs

#### 1.     Shane Norrid

11

40.     Plaintiff Shane Norrid ("Norrid") is a natural person residing in Muskogee County, Oklahoma.

41.     Norrid was sent to DARP by a Wagoner County, Oklahoma judge in 2016, and was a resident at DARP's putative drug and alcohol rehabilitation facility in Decatur, Arkansas from approximately March 2016 through September 2016.

42.     While at DARP, Norrid was forced to work full time, in excess of 40 hours a week, for Defendant Hendren Plastics for no compensation whatsoever.   DARP transported Norrid and other participants directly to and from Hendren Plastics each work day, five to six days per week.

43.     At DARP, Norrid lived in tight living quarters with horrible bed bugs. The only purported "treatment" Norrid received was in-house Alcoholics Anonymous or Narcotics Anonymous meetings lead by other DARP participants.  Controlled substances, including methamphetamine, were widely available.  The only time Norrid heard from anyone with any real "clean time" during his stay at DARP was on a single occasion when a sober biker group came to speak to the men.

### 2.     Kermit Michael Troxel

44.     Plaintiff Kermit Michael Troxel ("Troxel") is a natural person residing in Wagoner County, Oklahoma.

45.     Troxel was sent to DARP by a Wagoner County, Oklahoma judge in 2014, and was a resident at DARP's putative drug and alcohol rehabilitation facilities in

Decatur, Arkansas and Tahlequah, Oklahoma from approximately September 2014 through September 2015.[7]

46.     While at DARP, Troxel was forced to work full time, an average of 63 hours a week, for defendant R&R Engineering for no compensation whatsoever.

47.     Troxel was also required to perform unpaid labor for Defendant Jones, including mowing, painting, and washing Jones' two Corvettes, which Jones has registered as "DARP-1" and "DARP-2."

48.     At DARP, Troxel received little to no drug treatment aside from a single Alcoholics Anonymous meeting once a week.

49.     Troxel lived in cramped quarters with three roommates.  Troxel reported a never-ending bed bug infestation, which Defendants DARP and Jones "treated" by making DARP participants spray pesticides in each room, cover the door with a blanket, and then heat up the room with a kerosene heater. The bed bug infestation remained. The food allowed Troxel and other participants at DARP was both inadequate and often spoiled or expired. Troxel was given one bologna sandwich and an expired Little Debbie snack cake for lunch each day. For dinner, Troxel was fed spoiled or otherwise unsaleable chicken from DARP's poultry processing plant five nights per week.

50.     While working at R&R Engineering, Troxel was struck in the eye by a piece of steel.  He did not seek medical treatment for fear of being discharged from

_____

[7] Troxel first went to the DARP facility in Decatur, Arkansas, but after six weeks, defendant Jones offered Troxel a "one-year welding internship" at defendant R&R Engineering in Broken Arrow, Oklahoma. Troxel was then moved to the DARP facility in Tahlequah, Oklahoma.

DARP and the related ever-present fear of being sent to prison.  Troxel observed other participants being kicked out of DARP, and thus effectively failing the program, as a result of workplace injuries.

### 3.   Kevin Hartman

51.   Plaintiff Kevin Hartman ("Hartman") is a natural person residing in Stephens County, Oklahoma.

52.   Hartman was sent to DARP in Tahlequah, Oklahoma while on probation in Stephens County, Oklahoma in 2015. Struggling with acute addiction, Hartman requested to go to drug treatment.  His Stephens County probation officer recommended DARP.

53.   Hartman was born with a club foot, a painful condition which led to a pain pill addiction as an adult.  Rather than receiving the drug treatment he needed at DARP, Hartman was forced to stand for long hours six days per week, for free, while made to work at Jer-Co Industries, Inc. (now Western Alliance, Inc.) in Locust Grove, Oklahoma.

54.   Hartman received little to no drug treatment at DARP, lived in cramped quarters with a serious bed bug infestation, and was fed spoiled or otherwise unsaleable chicken from DARP's poultry processing facility five nights per week.

### 4.   Tim Hyers

55.   Plaintiff Tim Hyers ("Hyers") is a natural person residing in Stephens County, Oklahoma.

56.   Hyers was sent to DARP in 2015 when he requested in-patient drug treatment from his probation officer in Stephens County, Oklahoma, and was a resident at

DARP's putative drug and alcohol rehabilitation facility in Tahlequah, Oklahoma from approximately March 2015 through September 2015.

57. Hyers worked for DARP in its on-site poultry processing facility and as a cook. Hyers' daily job routine consisted primarily of picking up dead chickens and putting them in maggot-filled barrels; killing chickens for approximately 4.5 hours; then doing laundry, cleaning the kitchen, and cooking dinner for 35 men. Hyers was never paid for his work.

58. Hyers received little to no drug treatment while at DARP, aside from watching a few Christian movies with the group. Drugs, including methamphetamine, were widely available. Defendant Jones frequently threatened that Hyers would be sent to prison if he failed to complete the program.

### 5.   Christopher Lynn Williams

59. Plaintiff Christopher Lynn Williams ("Williams") is a natural person residing in Cleveland County, Oklahoma.

60. Williams was sent to DARP by a Cleveland County, Oklahoma judge in 2017, and was a resident at DARP's putative drug and alcohol rehabilitation facility in Decatur, Arkansas from approximately July 2017 to October 2017.

61. While at DARP, Williams was forced to work for Defendant Hendren Plastics for no compensation. Williams, who observed DARP adding time to other participants' programs if they were sick, never missed a day of work.

62. Williams received little to no drug treatment while at DARP, and lived in cramped quarters infested by bed bugs.

63.    Williams petitioned the court to leave DARP when a family member shared a news article about DARP and similar programs published on October 1, 2017. Williams believed the article validated his own experiences and serious concerns about DARP.   The court granted Williams' petition to leave DARP while continuing to participate in the Drug Court program.

64.    Williams did not report the conditions at DARP earlier because he feared retaliation. A DARP employee drove Williams to court each month and sat in the courtroom listening to what Williams reported to the judge. Williams believed that he would be retaliated against by DARP if he criticized the program, specifically, that DARP would terminate him from the program and that he would be sent to prison.

65.    Confirming this fear, when DARP learned later that two other participants had petitioned the Cleveland County Court to leave the program early, DARP retaliated by preemptively discharging them, placing them in jeopardy of prison.

**6.    Codie Shreve**

66.    Plaintiff Codie Shreve ("Shreve") is a natural person residing in Muskogee County, Oklahoma.

67.    Shreve was sent to DARP by a Wagoner County, Oklahoma judge in 2006, and was a resident at DARP's putative drug and alcohol rehabilitation facility in Decatur, Arkansas from approximately October 2006 until at least March 2008.

68.    While at DARP, Shreve worked, for no compensation, for Peterson Farms and then for Simmons Foods, which bought out Peterson Farms.

69.     At DARP, Shreve lived in extremely cramped quarters with sixty other men who worked primarily at the chicken processing plant.   Despite daily chores, their quarters were never clean, because DARP employees worked every shift of the day at Simmons Foods, that is, DARP staffed Simmons Foods 24 hours per day.

70.     The     only     "treatment"     Shreve     received     was     an     in-house Alcoholics/Narcotics Anonymous meeting three nights per week.

71.     At Peterson and Simmons Foods, Shreve worked the third shift on the evisceration line as a "drawer."   For approximately 12 hours each day, Shreve was forced to  insert  his  hands  into  chickens  and  remove  their  organs.     The  line  handled approximately 90 chickens per minute.   Evisceration work is grueling, and it is industry practice for the two positions on the evisceration line, drawers and trimmers, to switch places every 2.5 hours, but Shreve was never allowed to switch places with the trimmer.

72.     When Shreve complained to DARP about the hand pain he experienced from his forced labor, Defendant Jones told him if he could not do his job, he would be discharged  from  the  program  and  face  prison  time.     Unable  to  receive  medical  care, accommodation, or quit due to the threat of imprisonment, Shreve soaked his hands in hot wax every day to reduce the swelling, and, ten years later, his hands still go numb if he doesn't frequently move them.

73.     While working at the facility, Shreve got a staph infection on the back of his leg. Shreve worked in hot, wet conditions, so the infection grew worse. When Shreve went to the free clinic offered to factory employees, he was charged $150.00 by DARP for seeking medical attention.

17

74.     Shreve was given antibiotics, and forced to return to the same hot, wet working conditions. When the antibiotics failed to work, Shreve showed his father the infection during a weekend visit.  Shreve's father took him to the emergency room, where the E.R. doctor lanced, cleaned, and packed the infection, gave Shreve stronger antibiotics, and told him not to return to the same working conditions until his leg healed.

75.     Shreve requested a note from the doctor, and when he gave the note to DARP, Defendant Jones told him not to seek outside medical treatment while at DARP, and told him he could either return to work or fail the program (and thus face imprisonment).   Shreve returned to work and was fortunately able to obtain a temporary work assignment from management away from the evisceration line.

### 7.     Steven England

76.     Plaintiff Steven England ("England") is a natural person residing in Comanche County, Oklahoma.

77.     England was sent to DARP by a Comanche County, Oklahoma judge in 2014, and was a resident at DARP's putative drug and alcohol rehabilitation facility in Tahlequah, Oklahoma from approximately August 2014 until April 2015.

78.     While at DARP, England worked an average of 63 hours per week for defendant R&R Engineering for no compensation.

79.     The only treatment England received at DARP was an Alcoholics Anonymous meeting once a week.  England lived in tight living quarters infested with bed bugs, and was fed spoiled or unsaleable chicken from DARP's poultry processing

facility five nights per week.  This chicken was fed to DARP residents because it would not pass inspection for sale.

### 8. Taylor Brantley

80.    Plaintiff Taylor Brantley ("Brantley") is a natural person residing in Tulsa County, Oklahoma.

81.    Brantley was sent to DARP by a Muskogee County, Oklahoma judge in 2016, and lived at DARP's putative drug and alcohol rehabilitation facilities in Tahlequah, Oklahoma and Decatur, Arkansas from approximately June 2016 until October 2016.

82.    While at DARP, Brantley worked for Mid-America Cabinets in Gentry, Arkansas, where he worked for more than 12 hours a day for no compensation whatsoever.

83.    At DARP, Brantley lived in extremely cramped quarters with other men who worked for various for-profit businesses on behalf of DARP, including Mid-America Cabinets.  Brantley and the other DARP participants were fed expired food from a food bank.   The only "treatment" at DARP consisted of in-house meetings conducted by DARP participants, in addition to occasional visits from an unlicensed counselor.

84.    Brantley seriously injured his back as a result of the extensive heavy lifting at Mid-America Cabinets.  Brantley reported his injury to the shipping supervisor at Mid-America Cabinets, who in turn reported the injury to DARP.  When Brantley returned to the DARP facility that day, he was told he could either return to work or go to jail.

85.     Faced with the threat of incarceration, Brantley returned to work at Mid-America Cabinets.   Mid-America Cabinets continued to force the injured Brantley to work, knowing that he was injured.   Eventually, after working for three weeks with a serious back injury, Brantley's back pain became so intense that he could no longer work.

86.     At that point, Brantley's father, Coby, received an anonymous phone call from someone at the DARP facility, who informed him that Taylor Brantley could not get out of bed due to his back injury.   Coby Brantley then called the facility and spoke to DARP supervisor Mary Doyle, who denied that Taylor Brantley was injured.   When Coby Brantley informed Doyle that he would like to come check on his son, she informed him that any visit would have to be approved by Raymond Jones.

87.     In the following days, Coby Brantley made multiple attempts to contact Doyle to ascertain whether consent was obtained, but she never returned his calls.   Coby Brantley then received another anonymous call from DARP, informing him that DARP was banishing Taylor from the program because he could not work.   The anonymous caller also informed Coby Brantley that DARP was falsely reporting that Coby was being expelled due to his involvement in an altercation.   The caller also stated that DARP was going to force Taylor to leave the premises on foot with his belongings, and would then call the police to come arrest him once he left the facility.

88.     Coby Brantley then drove to the facility.   While nearing the facility, he spotted Taylor Brantley walking down the road with his belongings.

89.     Over the next several months, Brantley received medical care to address his serious back injury.   Eventually, in March 2017, Brantley had emergency surgery to

repair two ruptured discs in his back. The injury had caused an infection in Brantley's spine, which resulted in a two-month hospital stay. After release from the hospital, Brantley had to have a PICC line inserted to carry antibiotics to his heart for an additional six weeks, followed by oral antibiotics for yet another six months to fight off the potentially life-threatening infection.

### B.   Defendants

#### 1.   DARP

90.   Defendant D.A.R.P., Inc. ("DARP"), is an Oklahoma for-profit corporation, and is headquartered in Tahlequah, Oklahoma. DARP holds itself out as a drug and alcohol treatment facility, but in fact exists solely to provide cheap labor to private corporations. The residents of DARP receive no compensation for their labor. DARP exists with the material support and coordination of the third-parties to whom it provides labor.

#### 2.   Raymond Jones

91.   Defendant Raymond Jones ("Jones") is a natural person residing in Cherokee County, Oklahoma. Jones is the President, Registered Agent, and Incorporator of DARP.

92.   Prior to incorporating DARP, Jones had no known training or experience in the creation or operation of a substance abuse treatment program or providing recovery, rehabilitative, or correctional services.

93.     Instead, Jones had earned a living through a wide variety of legal and illegal means, ranging from accepting contributions as a purported traveling preacher to poultry production and manufacturing of methamphetamine.

### 3.     Hendren Plastics

94.     Defendant Hendren Plastics, Inc. ("Hendren Plastics") is an Arkansas for-profit corporation, and is headquartered in Gravette, Arkansas.   Hendren Plastics contracts with DARP to receive unlawful labor deriving from the State of Oklahoma.

### 4.     R&R Engineering

95.     Defendant R&R Engineering Co., Inc ("R&R Engineering") is an Oklahoma for-profit corporation.  R&R contracts with DARP to receive unlawful labor.

### 5.     Glenn E. Whitman

96.     Defendant Glenn E. Whitman ("Whitman"), is a natural person residing in Benton County, Arkansas.  Whitman is an employee, agent, or contractor of DARP.

97.     Whitman also represents himself as a Christian pastor who provides religious worship and instruction to DARP workers.

98.     Whitman helped facilitate DARP's labor agreements with for profit businesses, including but not necessarily limited to, Defendants Simmons Foods, Hendren Plastics, R&R Engineering, and Western Alliance.

99.     Whitman also knowingly personally profited from unpaid labor provided by Plaintiffs and putative class members at his home and chicken houses.

### 6.     Simmons Foods

100.    Defendant Simmons Foods, Inc., ("Simmons Foods") is an Arkansas for profit corporation, and is headquartered in Siloam Springs, Arkansas.  Simmons Foods contracts with DARP to receive unlawful labor deriving from the State of Oklahoma.

### 7.    Western Alliance

101.    Defendant Western Alliance, Inc., ("Western Alliance") is an Oklahoma for profit corporation, and is headquartered in Locust Grove, Oklahoma. Western Alliance was previously incorporated as Jer-Co Industries, Inc., but was incorporated as Western Alliance, Inc. on May 13, 2016.  Western Alliance contracts with DARP to receive unlawful labor.

### 8.    Mid-America Cabinets

102.    Defendant Mid-America Cabinets, Inc. ("Mid-America Cabinets") is an Arkansas for profit corporation.  Mid-America Cabinets contracts with DARP to receive unlawful labor deriving from the State of Oklahoma.

## V.    FACTUAL ALLEGATIONS

### A.    General Factual Allegations

103.    DARP stands for "Drug and Alcohol Rehabilitation Program."  DARP is a private, for-profit corporation (previously a private, not-for-profit corporation) that holds itself out as a long-term, residential drug and alcohol treatment provider.  DARP operates facilities in Oklahoma and Arkansas, and houses up to 80 men at a time.

104.    DARP uniformly represents itself as a legitimate recovery program, existing to provide treatment for individuals suffering from alcoholism and substance abuse.  In other litigation, for example, Defendant Jones testified that DARP "is a non-

profit organization geared to helping individuals overcome substance abuse problems and addictions." In fact, however, DARP offers little or no meaningful treatment, and its primary purpose is – and always has been – to provide cheap labor to private third-party corporations.

105.   As Defendant Jones has testified in other litigation: "DARP is not an agency of the State of Oklahoma …. It receives no oversight or direction from any state agency or the Oklahoma State Department of Corrections.   DARP is an independent organization in no way controlled by the State of Oklahoma."   "D.A.R.P.," according to its filings in another case, "is not a political subdivision or state agency."

106.   Acting as an independent entity, DARP obtains many of its residents by misrepresenting itself as a legitimate treatment provider to Oklahoma courts.   In another case, for example, a judge in Custer County submitted an affidavit stating that she believed DARP "was a legitimate treatment facility" until she learned that it was "not a certified treatment facility by the [Oklahoma] Department of Mental Health and Substance Abuse Services," at which point she stopped sending people to DARP.

107.   Rather than being provided the help they are promised – and sometimes desperately need – DARP residents are forced to perform unpaid work for Defendants Hendren Plastics, R&R Engineering, Simmons Foods, Western Alliance, and Mid-America Cabinets (collectively, the "Corporate Defendants") – private corporations who contract with DARP to receive labor from DARP residents.

108.   DARP residents perform grueling, frequently dangerous, work for these corporations but receive no wages whatsoever.   Instead, the Corporate Defendants pay

24

DARP directly for this labor, with the latter keeping these payments for its own use and benefit.  By this arrangement, DARP receives millions of dollars in income, while the Corporate Defendants receive a stream of below-market-rate labor.  DARP and the Corporate Defendants work together to maintain this common enterprise – pocketing the profits earned by exploiting a vulnerable population.

109.   DARP was formed with the material support of private industry for the purpose of providing forced labor, and has never had any meaningful existence apart from private industry.  DARP's forced labor scheme was developed by Defendant Jones in conjunction with the poultry company Peterson Farms, now owned by Simmons Foods.  In effect, DARP functions as an external, *sub rosa* HR department for its corporate partners, with its true nature concealed from the public.  From its inception, DARP was intended to use coercion, the threat of physical restraint, and the abuse and threatened abuse of the law or legal process to maintain a malleable workforce who could be threatened with prison if they refused to work for free – and this is exactly what happens to each and every DARP resident.

110.   By misrepresenting its nature, purpose, and origins to courts, DARP receives residents it can threaten with prison.  This scheme existed virtually unnoticed for over a decade due to a combination of willful ignorance and enforced silence, and was made known only as the result of a long investigation by a national, nonprofit news organization.

111.   This case in no way seeks to challenge – or even examine in passing – the validity of any conviction arising in any court, nor the duration of any sentence. Plaintiffs

do not challenge their presence at DARP, but the defendants' unlawful conduct once their presence was established. Plaintiffs' success in this litigation cannot negate an element in any charged offenses, which offenses are irrelevant to the unlawful conduct of Defendants, nor serve as the basis for collateral attack on any conviction.

### B. Facts Related to Plaintiffs' RICO claims

112. Defendant Jones is President of DARP, which is an enterprise engaged in and affecting interstate commerce by virtue of its provision of labor to the Corporate Defendants, which manufacture products for interstate commerce, and by virtue of its transportation of that labor across state lines. As DARP's president, Defendant Jones is employed by and is associated with DARP. Further, as DARP's President, Mr. Jones is responsible for devising and implementing DARP policy, a substantial component of which is forced labor and involuntary servitude, racketeering activities under 18 U.S.C. § 1961. Defendant Jones therefore conducts the affairs of DARP through a pattern of racketeering activity.

113. Defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliance conspire with Defendant Jones to engage in this conduct by executing explicit agreements and contracts for the provision of involuntary labor, agreeing to withhold wages from DARP residents, transmitting earned wages directly to DARP, receiving labor transported across state lines by DARP, and operating businesses which substantially rely on forced labor and involuntary servitude.

114. Additionally, Defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliance conduct the affairs of an association-in-fact enterprise through a pattern

of forced labor and involuntary servitude. For several years, these defendants have operated together for the common purpose of benefitting from the forced labor and involuntary servitude of DARP residents by, *inter alia*, contracting for the provision of such labor, receiving such labor, and transmitting and receiving funds for the provision of such labor. By engaging in these activities and working together for their accomplishment, these defendants have all played a part in conducting the affairs of their common enterprise.

**C.    Facts Related to Willfulness of Violations**

115.    The violations of law described herein were and are knowing, intentional, and willful. Defendants have engaged, and continue to engage, in the conduct alleged herein by systematic, calculated policy. Defendants are advised by sophisticated and informed legal counsel and human resources professionals who were, or should have been, aware of the legal requirements violated by the conduct alleged herein. Defendants therefore acted in knowing violation of the law.

**VI.    COLLECTIVE ACTION ALLEGATIONS**

**A.    FLSA Class Definition**

116.    Plaintiffs bring causes of action one and two as a nationwide opt-in collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and the following class (the "FLSA Class"):

> All persons who, at any within the last three years, have
>
> performed work at Hendren Plastics, R&R Engineering,
>
> Western Alliance, and/or Mid-America Cabinet while

27

residing at DARP.

117.   The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

### B.   FLSA Requirements

118.   Plaintiffs and the members of the putative FLSA Class are or were, at all relevant times, employees engaged in commerce or the production of goods for commerce, and are or were employed by enterprises (namely, DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinet) engaged in commerce or the production of goods for commerce as contemplated by 29 U.S.C. § 206(a) and 207(a).

119.   Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinet are "employers" as that term is defined by 29 U.S.C. § 203(d), and are "enterprises engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s)(1)(A), including by virtue of respective annual gross volumes of sales and business exceeding $500,000.

120.   None of the exemptions from the FLSA's minimum wage and overtime requirements, including those contained in 29 U.S.C. § 213, apply to Plaintiffs or to the members of the FLSA Class.

## VII.   CLASS ACTION ALLEGATIONS

### A.   Rule 23 Class Definitions

#### 1.   The TVPA Class

121.   Plaintiffs bring cause of action three as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "TVPA Class"):

>   All persons who, at any time from ten years prior to the filing of this action, have performed work for DARP, Simmons Foods, Hendren Plastics, R&R Engineering, Western Alliance, and/or Mid-America Cabinets while residing at DARP.

### 2.   The TVPA Conspiracy Class

122.   Plaintiffs bring cause of action four as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "TVPA Conspiracy Class"):

>   All persons who, at any time from ten years prior to the filing of this action, have performed work for DARP, Hendren Plastics, R&R Engineering, Western Alliance, and/or Mid-America Cabinets while residing at DARP.

### 3.   The RICO Class

123.   Plaintiffs bring causes of action five, six, and seven as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Rico Class"):

>   All persons who, at any time from four years prior to the filing of this action, have performed work for DARP, Hendren Plastics, R&R Engineering, and/or Western Alliance, while residing at DARP.

### 4.   The Oklahoma Human Trafficking Class

124.   Plaintiffs bring cause of action eight as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Oklahoma Human Trafficking Class"):

> All persons who, at any time from two years prior to the filing of this action, have performed work for Hendren Plastics and/or Mid-America Cabinets while residing at DARP.

### 5.   The Oklahoma Fraud Class

125.   Plaintiffs bring cause of action nine a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Oklahoma Fraud Class"):

> All persons who resided at DARP at any time from two years prior to the filing of this action.

### 6.   The Arkansas Wage Law Class

126.   Plaintiffs bring causes of action ten and 11 as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Arkansas Wage Law Class"):

> All persons who, at any time from three years prior to the filing of this action, have performed work for Hendren Plastics and/or Mid-America Cabinets while residing at DARP.

### 7.   The Arkansas Unjust Enrichment Class

127.   Plaintiffs bring cause of action 12 as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Arkansas Unjust Enrichment Class"):

All persons who, at any time from three years prior to the filing of this action, have performed work for Hendren Plastics and/or Mid-America Cabinets while residing at DARP.

### 8.     The Oklahoma Wage Law Class

128.   Plaintiffs bring cause of action 13 as a class action pursuant to FRCP 23 on behalf of themselves and the following class (the "Oklahoma Wage Law Class"):

All persons who, at any time from three years prior to the filing of this action, have performed work for DARP, R&R Engineering, and/or Western Alliance while residing at DARP.

### B.     Propriety of Certification Under FRCP 23(A)

### 1.     Numerosity

129.   The members of the Rule 23 Classes are so numerous that joinder of all members is impracticable.  The exact number is currently unknown to Plaintiffs, but each of these classes likely includes several hundred putative class members.

### 2.     Adequacy

130.   Plaintiffs will fairly and adequately represent the interests of the Rule 23 Classes.  Plaintiffs are members of these classes and were subject to the same policies and practices as the other members of these classes.  Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation.   Plaintiffs and their counsel are committed to

prosecuting this action vigorously on behalf of the various classes and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed classes.

### 3.   Commonality

131.   There are numerous question of law and fact common to the Rule 23 Classes.  These questions include, but are not limited to, the following: (1) Whether the practices complained of herein are unlawful; (2) whether the actions complained of herein constitute holding persons to involuntary servitude and forced labor; and, if so, (3) whether Defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliance conspired with Defendant Jones to conduct the affairs of DARP through a pattern of racketeering activity; and (4) whether Defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliance conducted the affairs of an association-in-fact enterprise through a pattern of racketeering activity.

### C.   Propriety of Certification Under FRCP 23(b)(3)

### 1.   Predominance

132.   Questions of law and fact common to class members predominate over any questions affecting only individual members.  The predominant issues in this litigation will be whether the common practices of the defendants violate the TVPA, RICO Act, and the laws of Oklahoma and Arkansas.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.  Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.

## 2. Superiority

133. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Prosecution of this case as a class action will permit a large number of injured parties to pursue their common claims in a single forum, at the same time, which will promote efficiency, prevent duplication of evidence and efforts, and preserve judicial resources and the resources of the parties. A class action will avoid potentially inconsistent results in numerous individual trials or other judicial actions. Further, class treatment is the only realistic means by which Plaintiffs and the proposed class members can effectively litigate against large, well-represented corporate entities like defendants. In the absence of a class action, the defendants will be unjustly enriched by the retention of the fruits and benefits of their unlawful conduct. A multiplicity of repetitive individual actions would also place an enormous burden on the courts.

## VIII.  CAUSES OF ACTION

### COUNT I: FAILURE TO PAY MINIMUM WAGES
### IN VIOLATION OF THE FLSA
### 29 U.S.C. § 206(a)
### Brought on Behalf of the FLSA Class
### Against Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets

134. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

135. At all times material herein, Plaintiffs and each member of the FLSA Class have been entitled to the rights, protections, and benefits provided by the FLSA, 29

U.S.C. § 201, *et seq*.

136.    As alleged herein, DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets have violated the FLSA, including 29 U.S.C. § 206(a), by failing to pay minimum wages.

137.    As a direct and proximate result of these defendants' failure to pay minimum wages in violation of the FLSA, Plaintiffs and the members of the FLSA Class have been injured and have sustained damages, including lost compensation, in an amount to be proved at trial.

138.    Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets have acted neither in good faith nor with reasonable grounds to believe that their actions complied with the FLSA.  Accordingly, Plaintiffs and the FLSA Class are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find that these defendants acted in good faith, Plaintiffs and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

139.    Accordingly, pursuant to 29 U.S.C. § 216(b), Plaintiffs seek, on behalf of themselves and the FLSA Class, damages, liquidated damages, interest, attorneys' fees, costs, and such other legal and equitable relief as the Court deems just and proper.

**COUNT II: FAILURE TO PAY OVERTIME WAGES
IN VIOLATION OF THE FLSA
29 U.S.C. § 207(a)
Brought on Behalf of the FLSA Class
Against Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance,
and Mid-America Cabinets**

140.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

141.    At all times material herein, Plaintiffs and each member of the FLSA Class have been entitled to the rights, protections, and benefits provided by the FLSA, 29 U.S.C. § 201, *et seq*.

142.    As alleged herein, Plaintiffs and the members of the FLSA class have worked, and continue to work, on a regular basis, more than 40 hours a week.

143.    As alleged herein Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets have failed to pay Plaintiffs and the members of the FLSA Class any compensation when they work more than 40 hours in a week, and have thereby violated the FLSA, including 29 U.S.C. § 207(a).

144.    As a direct and proximate result of these defendants' failure to pay overtime wages in violation of the FLSA, Plaintiffs and the members of the FLSA Class have been injured and have sustained damages, including lost compensation, in an amount to be proved at trial.

145.    Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets have acted neither in good faith nor with reasonable grounds to believe that their actions complied with the FLSA.  Accordingly, Plaintiffs and the FLSA Class are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find that these defendants acted in good faith, Plaintiffs and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

146.    Accordingly, pursuant to 29 U.S.C. § 216(b), Plaintiffs seek, on behalf of themselves and the FLSA Class, damages, liquidated damages, interest, attorneys' fees, costs, and such other legal and equitable relief as the Court deems just and proper.

**COUNT III: INVOLUNTARY SERVITUDE IN VIOLATION OF THE TVPA**
**18 U.S.C. §§ 1589 and 1594(a)**
**Brought on Behalf of the TVPA Class**
**Against Defendants DARP, Simmons Foods, Hendren Plastics, R&R Engineering,**
**Western Alliance, Mid-America Cabinets, and Whitman**

147.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

148.    Plaintiffs are authorized to bring these claims pursuant to the civil remedies provision of the TVPA, 18 U.S.C. § 1595.

149.    Plaintiffs are victims of forced labor, involuntary servitude, and human trafficking in violation of 18 U.S.C. §§ 1589 and 1594(a).

150.    Defendants DARP, Simmons Foods, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets attempted to and did subject Plaintiffs and putative class members to forced, unpaid labor in violation of 18 U.S.C. §§ 1589 and 1594(a)

151.    Defendants knowingly obtained the forced labor and services of Plaintiffs and putative class members through serious harm, threats of serious harm, threats of physical restraint, and abuse or threatened abuse of law or legal process, in violation of 18 U.S.C. § 1589.

152.    Defendants forced Plaintiffs and putative class members to work long hours in often extreme conditions for free, under the threat of incarceration if Plaintiffs and

36

putative class members refused.  Defendants intentionally kept Plaintiffs and putative class members in a condition of financial and legal vulnerability so that they had no choice but to labor for Defendants.

153.   Defendants knowingly obtained the labor and services of Plaintiffs and putative class members by means of a scheme, plan, or pattern, which, in the totality of the circumstances, was intended to coerce, and did coerce, Plaintiffs and other putative class members to believe that they would suffer serious harm or physical restraint, including prison time, if they were to leave the employ of defendants, in violation of 18 U.S.C.§ 1589.

154.   Defendants' scheme included fraudulent recruitment practices and false reporting to courts to induce Plaintiffs and putative class members to enter a putative inpatient drug treatment program.  Plaintiffs and putative class members, however, found themselves at a work camp where little to no drug treatment was provided, instead working for defendants under unlawful conditions.

155.   Defendants knew or should have known they were engaged in violations of the TVPA, or acted in reckless disregard of the fact that their venture was engaged in violations of the TVPA.  Defendants intentionally ignored the various complaints made by Plaintiffs and putative class members regarding such fraudulent and coercive conditions.

156.   As a result of their participation in such venture, defendants were to receive, and did knowingly receive, numerous benefits including a steady stream of

unpaid workers from which to profit and easily exploitable labor available to staff defendants' businesses.

157.   Alternatively, defendants have knowingly benefitted financially and/or by receiving the value of unpaid labor from a vulnerable population.

158.   As a direct and proximate result of this conduct, Plaintiffs and the members of the TVPA Rule 23 class have been injured in an amount to be proved at trial.

159.   Plaintiffs and other putative class members are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief deemed appropriate, including reasonable costs and attorneys' fees.

### COUNT IV: CONSPIRACY TO VIOLATE THE TVPA
### 18 U.S.C. § 1594(b)
### Brought on Behalf of the TVPA Conspiracy Class
### Against Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, Mid-America Cabinets, and Whitman

160.   Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

161.   Plaintiffs are authorized to bring this claim pursuant to the civil remedies provision of the TVPA, 18 U.S.C. § 1595.

162.   Plaintiffs are victims of forced labor, involuntary servitude, and human trafficking in violation of 18 U.S.C. § 1589.

163.   Defendants DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets conspired, by planning together and taking affirmative steps as described herein, to subject Plaintiffs and putative class members to forced, unpaid labor in violation of 18 U.S.C. § 1594(b).   These defendants worked in partnership to

implement a scheme of fraudulent recruitment practices, designed to force Plaintiffs and putative class members to work for free in extreme conditions, under the threat of incarceration.

164. As a direct and proximate result of this conduct, Plaintiffs and the members of the TVPA Conspiracy Class have been injured in an amount to be proved at trial.

165. Plaintiffs and other putative class members are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief deemed appropriate, including reasonable costs and attorneys' fees.

### COUNT V: VIOLATION OF THE RICO ACT
### 18 U.S.C. §§ 1961 and 1962(c)
### Brought on Behalf of the RICO Rule 23 Class
### Against Defendant Raymond Jones

166. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

167. As alleged herein, Defendant Raymond Jones has conducted the affairs of DARP through a pattern of racketeering activity (namely, holding persons in involuntary servitude and forced labor) in violation of 18 U.S.C. § 1962(c).

168. As a direct and proximate result of this conduct, Plaintiffs and the members of the RICO Class have been injured in an amount to be proved at trial.

169. Accordingly, pursuant to 18 U.S.C. § 1964(c), Plaintiffs seek treble damages, attorneys' fees, and costs on behalf of themselves and the members of the RICO Class.

### COUNT VI: VIOLATION OF THE RICO ACT
### 18 U.S.C. §§ 1961 and 1962(d)

**Brought on Behalf of the RICO Class**
**Against Defendants DARP, Hendren Plastics, R&R Engineering, and Western**
**Alliance**

170.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

171.    As alleged herein, Defendant Raymond Jones has conducted the affairs of DARP through a pattern of racketeering activity (namely, holding persons in involuntary servitude and forced labor) in violation of 18 U.S.C. § 1962(c).

172.    As alleged herein, defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliance have conspired with defendant Jones in this conduct in violation of 18 U.S.C. § 1962(d).

173.    As a direct and proximate result of this conduct, Plaintiffs and the members of the RICO Class have been injured in an amount to be proved at trial.

174.    Accordingly, pursuant to 18 U.S.C. § 1964(c), Plaintiffs seek treble damages, attorneys' fees, and costs on behalf of themselves and the members of the RICO Class.

**COUNT VII: VIOLATION OF THE RICO ACT**
**(ASSOCIATION-IN-FACT ENTERPRISE)**
**18 U.S.C. §§ 1961 and 1962(c)**
**Brought on Behalf of the RICO Class**
**Against Defendants DARP, Hendren Plastics, R&R Engineering, and Western**
**Alliance**

175.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

176.     As alleged herein, defendants DARP, Hendren Plastics, R&R Engineering, and Western Alliances have conducted the affairs of an association-in-fact enterprise through a pattern of racketeering activity (namely, holding persons in involuntary servitude and forced labor) in violation of 18 U.S.C. § 1962(c).

177.     As a direct and proximate result of this conduct, Plaintiffs and the members of the RICO Class have been injured in an amount to be proved at trial.

178.     Accordingly, pursuant to 18 U.S.C. § 1964(c), Plaintiffs seek treble damages, attorneys' fees, and costs on behalf of themselves and the members of the RICO Class.

**COUNT VIII: HUMAN TRAFFICKING FOR LABOR**
**Okl. St. § 748**
**Brought on Behalf of the Oklahoma Human Trafficking Class**
**Against Defendants DARP and Hendren Plastics**

179.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

180.     As alleged herein, defendants DARP and Hendren Plastics have knowingly engaged in human trafficking and human trafficking for labor, as those terms are defined by Okl. St. § 748(A)(4)-(5), in violation of Okl. St. § 748(B).

181.     As a direct and proximate result of this conduct, Plaintiffs and the members of the Oklahoma Human Trafficking Class have been injured in an amount to be proved at trial.

182.     The conduct of defendants DARP and Hendren Plastics as alleged herein has resulted in serious damage to the public welfare; has resulted in substantial profit to

defendants; has been ongoing for an extended period exceeding eight years; was undertaken with the full knowledge of defendants; and was perpetrated by a substantial number of defendants' employees.

183.    Accordingly, pursuant to Okl. St. § 748.2(B), Named Plaintiffs seek actual damages, punitive damages, attorneys' fees, and costs on behalf of themselves and the members of the Oklahoma Human Trafficking Class.

### COUNT IX: OKLAHOMA STATE LAW FRAUD
**Brought on Behalf of the Oklahoma Fraud Class**
**Against Defendant DARP and Raymond Jones**

184.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

185.    As alleged herein, Defendants DARP and Raymond Jones falsely represented to Plaintiffs and putative class members that Plaintiffs and putative class members would receive inpatient drug and alcohol treatment and/or recovery services.

186.    Defendants knowingly misrepresented the DARP program as a drug treatment program, instead of a work camp.

187.    Plaintiffs and putative class members suffered harm as a direct and proximate result of these defendants' misrepresentations, including lost wages, degradation, and a loss of liberty.

188.    Defendants are liable to Plaintiffs and the putative class members for the harm caused by their misrepresentations.

### COUNT X: FAILURE TO PAY MINIMUM WAGES
**IN VIOLATION OF ARKANSAS LAW**
**A.C.A. § 11-4-210(a)**
**Brought on Behalf of the Arkansas Wage Law Class**

**Against Defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets**

189.   Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

190.   As alleged herein, Defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets have failed to pay Plaintiffs and the members of the Arkansas Wage Law Class minimum wages in violation of A.C.A. § 11-4-210(a).

191.   As a direct and proximate result of this conduct, Plaintiffs and the members of the Arkansas Wage Law Class have been injured in an amount to be proved at trial.

192.   Accordingly, pursuant to A.C.A. § 11-4-218(a), Plaintiffs seek damages, liquidated (double) damages, attorneys' fees, and costs on behalf of themselves and the members of the Arkansas Wage Law Rule 23 Class.

**COUNT XI: FAILURE TO PAY OVERTIME WAGES**
**IN VIOLATION OF ARKANSAS LAW**
**A.C.A. § 11-4-210(a)**
**Brought on Behalf of the Arkansas Wage Law Class**
**Against Defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets**

193.   Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

194.   As alleged herein, defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets have failed to pay Plaintiffs and the Members of the Arkansas Wage Law Class overtime wages in violation of A.C.A. § 11-4-211(a).

195.   As a direct and proximate result of this conduct, Plaintiffs and the members of the Arkansas Wage Law Class have been injured in an amount to be proved at trial.

196. Accordingly, pursuant to A.C.A. § 11-4-218(a), Plaintiffs seek damages, liquidated (double) damages, attorneys' fees, and costs on behalf of themselves and the members of the Arkansas Wage Law Class.

### COUNT XII: ARKANSAS STATE LAW UNJUST ENRICHMENT
#### Brought on Behalf of the Arkansas Unjust Enrichment Class
#### Against Defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets

197. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

198. As alleged herein, defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets have failed to pay Plaintiffs and the Members of the Arkansas Unjust Enrichment Class wages for their hours worked.

199. As a result of this conduct, Plaintiffs and the Members of the Arkansas Unjust Enrichment Rule 23 Class were forced to forfeit money for the benefit of these defendants, and these defendants thus knowingly and willingly obtained monetary benefits to which they were not entitled.

200. Under these circumstances, it would be inequitable for these defendants to retain these monetary benefits at the expense of Plaintiffs and the members of the Arkansas Unjust Enrichment Class.

201. By engaging in this conduct, defendants Raymond Jones, DARP, Hendren Plastics, and Mid-America Cabinets have been unjustly enriched at the expense of Plaintiffs and the members of the Arkansas Unjust Enrichment Class, and are required, in equity and good conscience, to compensate said plaintiffs for harm suffered as a result of these actions.

202. As a direct and proximate result of this unjust enrichment, Plaintiffs and the members of the Arkansas Unjust Enrichment Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement by of the benefit conferred by said plaintiffs.

## COUNT XIII: UNPAID WAGES AND FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE OKLAHOMA PROTECTION OF LABOR ACT
### 40 O.S. § 161, *et seq.*
### Brought on Behalf of the Oklahoma Wage Law Class
### Against Defendants DARP, R&R Engineering, and Western Alliance

203. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

204. Defendants DARP, R&R Engineering, and Western Alliance are employers subject to the Oklahoma Protection of Labor Act, 40 O.S. § 161, *et seq.*

205. These defendants had a statutory duty under Oklahoma law to compensate Plaintiffs and the members of the Oklahoma Wage Law Class at a regular hourly wage for all hours worked.

206. These defendants failed to provide Plaintiffs and the members of the Oklahoma Wage Law Class with all wages, including the minimum wages, in violation of the Oklahoma Protection of Labor Act, 40 O.S. § 161, *et. seq*.

207. These defendants' failure to provide Plaintiffs and the putative class members with minimum wages and overtime compensation was a knowing and willful violation of the Oklahoma Protection of Labor Act, 40 O.S. § 161, *et. seq*.  Defendants' wrongful acts violate 40 O.S. § 165.3(B).

208. Defendants' willful failure to pay all wages due to Plaintiffs and the putative class members, in violation of 40 O.S. §§ 165.3 and 197.9, permits Plaintiffs and putative class members to recover liquidated damages in addition to their unpaid wages, penalties, interest, expenses, reasonable attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the putative class members respectfully request relief and pray for judgment against defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), to include the following:

a.      Designation of this action as a collective action and as a class action on behalf of the proposed classes, and prompt issuance of notice to all class members apprising them of the pendency of this action;

b.      Designation of Plaintiffs as collective action and class action representatives, and designation of counsel for Plaintiffs as counsel for the classes;

c.      Unpaid wages;

d.      Liquidated damages;

e.      Statutory penalties;

f.      Compensatory damages;

g.      Punitive damages;

h.      All costs, expenses, and attorneys' fees;

i.      Pre-judgment interest, calculated at the maximum rate allowed by law;

j.      Post-judgment interest at the legal rate;

k.      Injunctive relief, to prohibit further illegal conduct by defendants; and

l.       Such other relief as the Court may deem just and proper.

Plaintiffs and the putative class members reserve the right to amend their demand

for judgment as new information is discovered during the course of this case.


                              Respectfully Submitted,

                              **ACLU OF OKLAHOMA FOUNDATION**

                    By:      /s/ Brady R. Henderson
                              Brady R. Henderson, OBA#21212
                              Amy N. Gioletti, OBA#30566
                              P.O. Box 1626
                              Oklahoma City, OK 73101
                              (405) 525-3831, (405) 524-2296 (fax)
                              bhenderson@acluok.org, agioletti@acluok.org

                              **SMOLEN, SMOLEN & ROYTMAN, PLLC**

                    By:      /s/Daniel E. Smolen
                              Daniel E. Smolen, OBA #19943
                              David A. Warta, OBA #20361
                              701 S. Cincinnati Ave.
                              Tulsa, OK 74119
                              Phone (918) 585-2667, Fax (918) 585-2669
                              danielsmolen@ssrok.com,
                              davidwarta@ssrok.com

                              **AIMAN-SMITH & MARCY***

                              Carey A. James (CA Bar No. 269270)*
                              7677 Oakport St., Suite 1150
                              Oakland, CA 94621
                              510-817-2711, (510) 562-6830 (fax)
                              caj@asmlawyers.com

                              ***Attorneys for Plaintiffs and all others similarly
                              situated.***

* Not at present a member of the bar of the Eastern District of Oklahoma. Application for
admission *pro hac vice* forthcoming.

CERTIFICATE OF SERVICE

I hereby certify that on the day of filing, I electronically transmitted the attached

document to the Clerk of Court using the ECF System for filing, and am transmitting a

true and correct copy of the attached document by certified mail to the following, who to

my knowledge have not yet registered for receipt of ECF notices on this case:


Glenn Whitman
19377 North Mt. Olive Road
Gravette, Arkansas 72736-8839


R&R Engineering Co., Inc.
Wayne B. Rumley, Registered Agent
P.O. Box 700005
Tulsa, OK 74170


s/Brady Henderson                ,
Brady R. Henderson, OBA#21212

48