IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Shane Norrid, individually and on behalf of all others similarly situated, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>D.A.R.P., Inc., Raymond Jones, and Hendren Plastics, Inc.,<br><br>    Defendants. | Case No. 17-CIV-401-RAW |

## ORDER

Before the court is defendant Hendren Plastics, Inc.'s motion to transfer venue (Docket No. 93). Because the court finds the first-to-file rule applicable and further finds transfer to be in the interest of justice under 28 U.S.C § 1404(a), the motion to transfer venue is granted, and the case will be transferred to the Western District of Arkansas.

**I.**     **Background**

On October 23, 2017, Mark Fochtman and Shane O'Neal filed a putative class action in Arkansas State Court. The case was removed to the United States District Court for the Western District of Arkansas and ordered amended. The amended class action alleges that Defendants D.A.R.P. Inc. ("DARP") and Hendren Plastics, Inc. ("Hendren") contracted together to use individuals on probation as involuntary laborers. The class action alleges that this labor violated the Arkansas Minimum Wage Act, Arkansas Constitution, Arkansas Human Trafficking Act, and the Arkansas Civil Rights Action § 16-123-105. Plaintiffs seek to represent all individuals who worked for DARP in

1

Arkansas from October 23, 2014 to the present and wishes to recover unpaid back wages, liquidated damages, punitive damages, and injunctive relief.

On November 1, 2017, Plaintiffs Shane Norrid, et. al. filed a putative class action in the United States District Court for the Eastern District of Oklahoma. The instant class action alleges that DARP, Hendren, and Raymond Jones, President of DARP, contracted to force individuals on probation into involuntary servitude in violation of Arkansas Minimum Wage Act, Arkansas unjust enrichment laws, Oklahoma Trafficking for Labor Act, Oklahoma fraud laws, Oklahoma wage laws, the Fair Labor Standards Act, the Racketeer Influenced and Corrupt Organizations Act, and the Trafficking Victims Protection Act. Plaintiffs seek to represent all persons who have worked for Hendren and DARP in Arkansas or Oklahoma since November 1, 2007 and recover unpaid wages, liquidated damages, punitive damages, injunctive relief, disgorgement, attorney's fees, and costs.

## II.     First-to-file Rule

The court finds that the first-to-file rule provides an adequate basis for transfer. Federal courts must be careful to not interfere in one another's affairs so as "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Buzas Baseball, Inc. v. Board of Regents*, 1999 U.S. App. LEXIS 21630, at *6-7, (10th Cir. Sept. 2, 1999) (quoting *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)). To aid in this goal, the first-to-file rule allows a district court to decline jurisdiction when a complaint raising the same issues against the same parties has been previously filed in another district court. *Buzas Baseball, Inc.*, 1999 U.S. App. LEXIS 21630, at *7. While

the first-to-file rule is generally enforced by the first court, the second court has the discretion to transfer, stay, or dismiss the second case. *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1297 (D. Kan. 2010) (quoting *Cedars-Sinai Med. Ctr. v Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)). "The first-to-file rule applies when three conditions are met: (1) chronology of the actions, (2) similarity of the parties, and (3) similarity of the issues." *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1278 (D. Utah 2010) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991)).

**A. Chronology of the Actions**

In both in rem and in personam jurisdiction, jurisdiction relates back to the filing of the complaint. *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citing *Product Engineering and Manufacturing, Inc. v. Barnes*, 424 F.2d 42 (10th Cir. 1970)). "When a state action is removed to federal court, for first-to-file purposes, the state court filing date is the date used." *Medspring Group, Inc. v. Atl. Healthcare Group, Inc.*, 2006 WL 581018, 2006 U.S. Dist. LEXIS 13443, at *9 (D. Utah March 6, 2006) (quoting *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.,* 20 F. Supp. 2d 948, 954 n.10 (E.D. Virginia 1998)).

The court finds that the case in the Western District of Arkansas is the first-filed action, while the instant case is the second-filed action. The *Fochtman* case was indisputably filed before the *Norrid* case. Plaintiff argues that *Norrid* should be considered the first case, as *Norrid* is further along in its proceedings than *Fochtman*. Even if true, procedural maturity is irrelevant for purposes of evaluating the first-to-file rule. As stated in *Hospah*, jurisdiction relates back to the filing, not subsequent stages of

3

the case. Thus, the *Fochtman* case in the Western District of Arkansas qualifies as the first-filed case.

**B. Similarity of the Parties**

Courts require that parties be similar or substantially overlap one another. *Shannon's Rainbow, LLC,* 683 F. Supp. 2d at 1279. Parties need not be identical. *Id*. at 1278-79. "Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *See Letbetter v. Local 514, Transp. Workers Union of Am.*, 2014 WL 4403521, 2014 U.S. Dist. LEXIS 123949, at *18 (N.D. Okla. September 5, 2014) (quoting *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013)).

Defendants are substantially similar. The *Fochtman* case currently lists DARP and Hendren as defendants. In the instant case, the defendants are Raymond Jones (President of DARP), as well as DARP and Hendren. The court concludes that Raymond Jones may be considered substantially similar to DARP. Both are represented by the same counsel, and there is no reason to believe that Mr. Jones, as president of DARP, has any conflicting interests with DARP. *See Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1169 (N.D. Okla. 2010). Mr. Jones's position in the lawsuit may therefore be considered identical to the position of DARP. *See id*. As such, there is substantial overlap between defendants in the two cases.

Plaintiffs are substantially similar. Both this court and the Northern District of Oklahoma have compared the putative classes, not the named plaintiffs, for the purposes of the first-to-file rule when the class has not yet been certified. *See Chieftain Royalty Co. v. XTO Energy, Inc.*, CIV-11-29-FHS, 2011 WL 1533073, 2011 U.S. Dist. LEXIS 43704,

at *2 (E.D. Okla. Apr. 22, 2011); *See Letbetter,* 2014 WL 4403521, 2014 U.S. Dist. LEXIS 123949, at *15-16. The proposed *Norrid* class seeks to represent DARP participants who worked in either Oklahoma or Arkansas from November 2007 to the present. The proposed *Fochtman* class seeks to represent DARP participants who worked in Arkansas from October 2014 to the present. Therefore, the *Fochtman* putative class is a narrower subset of the *Norrid* putative class. As the *Norrid* class subsumes the *Fochtman* class, both classes seek to represent at least some of the same individuals, making them substantially similar.

Plaintiffs argue that the parties cannot be considered substantially similar because the *Fochtman* class is narrower than the *Norrid* class, and therefore the *Fochtman* case cannot dispense with all of the claims and issues of the *Norrid* case. Plaintiffs further argue that the classes are not substantially similar because the class certifications are procedurally different in each case. The court disagrees. Courts have previously observed the first-to-file rule when the first-filed class is a subset of the second-filed class. *See Peterson v. Aaron's, Inc.*, 2015 WL 224750, 2015 U.S. Dist. LEXIS 4733, at *7-8 (N.D. Ga. January 15, 2015) (Concluding that the second-filed case should be stayed until class certification has been decided in the narrower, first-filed case). There is no concern of claims or issues remaining unaddressed after transfer, since the Western District of Arkansas may dispense with both cases through consolidation. The first-to-file rule would be illogical and self-defeating if courts could not dispense with second-filed class actions featuring somewhat larger classes. Further, the court looks to the similarity of the parties themselves, not the procedural means of determining the parties.

The court finds that the parties in the instant case are substantially similar to the parties in the *Fochtman* case, as there is substantial overlap between both defendants and plaintiffs.

**C. Similarity of the Issues**

Issues must be substantially similar in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues. *Shannon's Rainbow, LLC,* 683 F. Supp. 2d at 1279. The asserted theories of recovery need not mirror each other so long as the underlying claims arise out of the same improper actions by the defendants. *See Chieftain Royalty Co.*, 2011 WL 1533073, 2011 U.S. Dist. LEXIS 43704, at *2.

The issues raised in both the *Norrid* and *Fochtman* cases are substantially similar. Both complaints allege that persons were forced to illegally work as unpaid laborers for DARP and Hendren. Both suits seek to recover unpaid back wages, liquidated damages, punitive damages, and injunctive relief. Plaintiffs argue that the issues are dissimilar because *Norrid* is a hybrid claim while *Fochtman* only involves questions of Arkansas state law. The court disagrees. Though the *Norrid* case may feature additional theories of recovery, both cases ultimately hinge on the question of whether the plaintiffs may recover unpaid wages from the defendants for forced, uncompensated labor. Therefore, the issues are substantially similar.

**III.     28 U.S.C § 1404**

Additionally, transfer would be proper pursuant to 28 U.S.C § 1404(a). Under 28 U.S.C § 1404(a), a district court may transfer a case to another venue in which it might have been brought for the convenience of parties and witnesses, in the interest of justice. *Cohen v. Waxman*, 421 Fed. Appx. 801, 803 (10th Cir. 2010) (brackets and internal

quotation marks omitted). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). Unless weighing these factors demonstrates that the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed. *Cohen*, 421 Fed. Appx. at 803 (quoting *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010)) (brackets and internal quotation marks omitted). "Only a neutral reason—one not designed to favor one party over another—can justify a transfer." *Cohen*, 421 Fed. Appx. at 804. The court gives great weight to a plaintiff's choice of forum, normally outweighing any inconvenience to the defendants. *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). However, when a plaintiff is a class representative, that weight is diminished and factors other than plaintiff's choice must necessarily take on increased significance. *Id*.; *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1263 (D. Kan. 2004).

The court finds that the interests of justice weigh in favor of transferring the instant case to the Western District of Arkansas under § 1404(a). The greatest factor is the practical nature of consolidation that could occur with the *Fochtman* case. It is likely that, at the very least, the two cases can consolidate their discovery and pretrial matters. This helps to reduce costs, expedite the case, and avoid inconsistent results. Witness accessibility is a neutral factor. Events and omissions giving rise to the claims occurred in both Oklahoma and Arkansas, and parties reside in both states. Although plaintiffs reside in Oklahoma, the potential for class representation reduces the importance of this factor. As such, the court determines that transfer would be proper under 28 U.S.C § 1404(a).

IV.     **Conclusion**

IT IS ORDERED that Defendant Hendren Plastics, Inc.'s Motion to Transfer Venue is GRANTED, and the case will be transferred to the Western District of Arkansas for possible consolidation with *Fochtman et al., v. DARP, Inc, et al*., 18-5047-TLB. The motion is granted because the court, for the reasons stated above, finds that venue is proper under both the first-to-file rule and 28 U.S.C § 1404(a).

Dated this 13th day of June, 2018.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA